UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X

WILLIAM HENNESSY by and through his
Guardian, JOSEPHINE HENNESSY,

                       Plaintiff,

          -against-

99 FRANKLIN BAR LLC and 99
FRANKLIN, LLC,

                       Defendants.

---------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
22-CV-1771 (CBA) (TAM)
(Not for Publication)

**TARYN A. MERKL**, United States Magistrate Judge:

      Plaintiff William Hennessy, by and through his guardian, Josephine Hennessy, commenced this action on March 30, 2022, against Defendants 99 Franklin Bar LLC and 99 Franklin, LLC. (*See* Complaint ("Compl."), ECF No. 1.) The Complaint alleges that Plaintiff, who requires the assistance of a wheelchair, was unlawfully denied access to Defendants' premises at 99 Franklin Street, in Brooklyn, New York, where they maintain a public accommodation, namely, a restaurant. (Transcript of Fairness Hearing ("Hearing Tr."), ECF No. 14, at 16:9–10.) Accordingly, in the Complaint, Plaintiff sought injunctive relief, declaratory relief, compensatory damages, punitive damages, and reasonable attorney's fees and costs. (Compl., ECF No. 1, at pp. 14–15.)

      On July 25, 2022, Plaintiff filed a letter indicating that the parties had made meaningful progress in resolving the matter and requested a thirty-day extension to finalize a settlement, a request the Court granted. (Status Report, ECF No. 8; *see* July 26, 2022 ECF Order.) Plaintiff subsequently filed a notice of voluntary dismissal on August 22, 2022. (Notice of Voluntary Dismissal, ECF No. 9.) Following receipt of the notice, the

1

Honorable Carol Bagley Amon referred the matter to the undersigned magistrate judge "to review whether the requirements under Local Rule 83.2 are satisfied." (Jan. 5, 2023 ECF Referral Order.) For the reasons that follow, the Court finds the settlement to be fair, reasonable, and proper, and respectfully recommends that it be approved and that the case be dismissed.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

As noted above, Plaintiff initiated this case on March 30, 2022. Following referral from Judge Amon, the Court entered an order scheduling a telephonic hearing to evaluate the propriety of dismissal. (*See* Jan. 6, 2023 ECF Scheduling Order.) The Court directed Plaintiff to file a proposed settlement agreement, as well as any accompanying documents, attorney billing records, his retainer agreement with counsel, and "an affidavit explaining the nature of Plaintiff's guardianship and whether Plaintiff has ever been 'a person judicially declared to be incompetent.'" (*See* Jan. 11, 2023 ECF Order (quoting N.Y. C.P.L.R. § 1207).) On January 19, 2023, Plaintiff filed several documents in response. (*See* Affirmation by Gabriel A. Levy ("Levy Aff."), ECF No. 10; Settlement Agreement, ECF No. 11; Billing Records, ECF No. 12; Retainer Agreement, ECF No. 13.)

In the papers filed in response to the Court's order, Plaintiff's counsel represents that Plaintiff has "never been declared to be incompetent by a medical doctor or a court." (Levy Aff., ECF No. 10, ¶ 6.) As to the relationship between Plaintiff and his mother, Josephine Hennessy, counsel states that she is Plaintiff's "legal guardian pursuant to Article 17A of the New York Surrogate's Court Procedure Act" and that she is "authorized to make all decisions on behalf of [Plaintiff], including medical and financial decisions." (Levy Aff., ECF No. 10, ¶ 7.)

The settlement agreement seeks to settle Plaintiff's claims for a sum certain "in full and final settlement of all claims for monetary damages, compensatory or

2

otherwise, including Plaintiff's claims for attorneys' fees, costs and litigation expenses." (Settlement Agreement, ECF No. 11, ¶ 2.) Defendants have also agreed to make certain repairs to the premises at issue to provide access in accordance with the Americans with Disabilities Act and related state and local laws. (*See id.* at ¶ 1.)

On February 16, 2023, the Court held a fairness hearing, during which Plaintiff's mother confirmed that she and Plaintiff are aware of and agreed to the settlement, and that they are not seeking financial compensation from the settlement as the amount of the settlement is less than counsel's attorney's fees and costs. (Hearing Tr., ECF No. 14, at 18:5–13, 18:20–19:8; Billing Records, ECF No. 12, at 2–3.) Plaintiff's mother further represented that she is satisfied with the remediations that Defendants have made to 99 Franklin Bar. (*See* Hearing Tr., ECF No. 14, at 18:14–19.)

For the reasons below, the Court recommends approving the voluntary dismissal of this action, with prejudice.

## DISCUSSION

In this district, "[a]n action by or on behalf of an infant or incompetent shall not be settled or compromised, or voluntarily discontinued, dismissed or terminated, without leave of the Court." E.D.N.Y. Local Civ. R. 83.2(a)(1).[1] Courts must determine

---

[1] The Court notes that Local Rule 83.2 further provides that any "proceeding upon an application to settle or compromise such an action shall conform, as nearly as may be, to the New York State statutes and rules, but the Court, for cause shown, may dispense with any New York State requirement." E.D.N.Y. Local Civ. R. 83.2(a)(1). Here, as noted *supra*, Plaintiff's counsel represents that Plaintiff is "not an infant" and "has never been declared to be incompetent by a medical doctor or a court." (Levy Aff., ECF No. 11, ¶¶ 5–6.) Accordingly, although Plaintiff's mother is his guardian, this case may not fall squarely into the category of cases subject to the procedural requirements of C.P.L.R. § 1208. *See generally* C.P.L.R. § 1207 (governing settlement of actions by an infant, judicially declared incompetent, or conservatee). *Cf. S.W. v. City of New York*, No. 09-CV-1777 (ENV) (MDG), 2012 WL 6625879, at *1 n.1 (E.D.N.Y. 2014) ("Since five of the ten plaintiffs are no longer minors and apparently are not incompetent so as to require guardians, there is no requirement that the Court approve their settlements."). In an abundance of caution, however, the Court has carefully reviewed the proposed settlement, the circumstances that led to the filing of the notice of voluntary dismissal, and the factors outlined in C.P.L.R. § 1208, to evaluate whether the "proposed settlement is fair,

whether a proposed settlement "'is fair, reasonable, and adequate,' by comparing 'the terms of the compromise with the likely rewards of litigation.'" *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 654 (2d Cir. 1999) (quoting *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995)). As a general rule, courts presume fairness and reasonableness where the settlement is the result of arm's length negotiation, counsel is experienced, and sufficient discovery has been conducted to "enable counsel to act intelligently." *Jurdine ex rel. Jurdine v. City of New York*, No. 07-CV-2915 (CBA) (JO), 2008 WL 974650, at *3 (E.D.N.Y. Apr. 8, 2008) (quotation marks omitted). Courts presume that a settlement negotiated by a child's guardian is fair and in the child's best interest. *Rodney v. City of New York*, No. 13-CV-6179 (RRM) (VMS), 2015 WL 1014165, at *2 (E.D.N.Y. Mar. 6, 2015); *see, e.g.*, *Orlander v. McKnight*, No. 12-CV-4745 (HBP), 2013 WL 4400537, at *4 (S.D.N.Y. Aug. 15, 2013); *Sch. for Language & Commc'n Dev. v. N.Y. State Dep't of Educ.*, No. 02-CV-0269 (JS) (JO), 2010 WL 1740416, at *3 (E.D.N.Y. Apr. 7, 2010), *report and recommendation adopted*, 2010 WL 1752183 (E.D.N.Y. Apr. 28, 2010).

As a threshold matter, the Court finds that the settlement agreement was the product of arm's-length negotiation. Plaintiff was represented by able and experienced counsel throughout this case; his counsel regularly represents him in matters such as this, where Plaintiff and his mother seek prospective relief to improve Plaintiff's access to otherwise-inaccessible facilities. (*See* Hearing Tr., ECF No. 14, at 19:9–20:5.)

Additionally, although the parties reached a settlement before Defendants filed an answer to the complaint, Plaintiff's counsel represented at the hearing that the

---

reasonable, and adequate" and in an effort to compare "the terms of the compromise with the likely rewards of litigation." *D.H.S. v. United States*, No. 18-CV-983 (PKC) (CLP), 2020 WL 13552067, at *2 (May 15, 2020) (quotation marks omitted).

settlement amount was "slightly higher" than that reached in similar cases.[2] (*Id.* at 18:1–4.) Moreover, Plaintiff's guardian represented at the hearing that she and Plaintiff are satisfied with the repairs required under the settlement agreement. (Hearing Tr., ECF No. 14, at 17:1–18:19; *see also id.* at 22:2–6 (indicating that the repairs have been completed).) Given the primary relief sought by Plaintiff, i.e., prospective relief in the form of remediation, and the minimal compensatory damages Plaintiff could have established if the case had gone to trial, the Court finds that the settlement terms here, when compared to the prospect of recovery following litigation, are fair, reasonable, and adequate.[3] Finally, the Court notes that the settlement amount, all of which is intended to compensate Plaintiff's counsel for his work on the matter, is for an amount less than counsel's estimated costs and fees.[4] (*Compare* Settlement Agreement, ECF No. 11, ¶ 2, *with* Billing Records, ECF No. 12.)

---

[2] Plaintiff's counsel suggested at the hearing that the higher amount was due, in part, to the fact that Defendants were acting *pro se*, which may necessitate "additional work" for Plaintiff's counsel. (Hearing Tr., ECF No. 14, at 18:1–4.) Notably, Plaintiff's counsel represented at the hearing that he advised Defendants to consult with an attorney prior to settlement but that Defendants were "pretty adamant about settling without" doing so. (*Id.* at 16:5–15.)

[3] Counsel represented at the hearing that the statutory damages available would be capped at $1,500.00. (Hearing Tr., ECF No. 14, at 21:11–24; *see id.* at 13:24-14:11.)

[4] Plaintiff, by and through his guardian, has a standing retainer agreement with his counsel, Mr. Levy, to represent him in claims brought to enforce rights under the Americans with Disabilities Act and related laws. (Retainer Agreement, ECF No. 13, at 1; Hearing Tr., ECF No. 14, at 20:6–10.) Plaintiff's guardian represented at the hearing that she consults with Mr. Levy when she encounters an establishment that is inaccessible to Plaintiff. (Hearing Tr., ECF No. 14, at 19:6–20:5.)

5

## CONCLUSION

In light of the foregoing, the Court finds that the circumstances of the settlement in this case and the recovery provided for in the Settlement Agreement are fair, reasonable, and adequate. The Court therefore recommends granting Plaintiff leave to voluntarily dismiss this case, with prejudice.

**SO ORDERED.**

Dated: Brooklyn, New York
March 9, 2023

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE

6