Clerk's Office
Filed Date: 5/31/2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
WILLIAM HENNESSY, by and through his
Guardian, Josephine Hennessy,

                Plaintiff,

  -against-

99 FRANKLIN BAR LLC and 99 FRANKLIN,
LLC,

                Defendants.
-------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
22-cv-1771 (CBA) (TAM)

**AMON, United States District Judge:**

On March 30, 2022, William Hennessy ("Plaintiff"), by and through his guardian, Josephine Hennessy ("Ms. Hennessy"), commenced this action against 99 Franklin Bar LLC and 99 Franklin, LLC ("Defendants"). (ECF Docket Entry ("D.E.") # 1 ("Compl.").) Plaintiff, a resident of Kings County, was born with cerebral palsy with spastic quadriplegia. (Id. ¶¶ 5-6.) Due to his medical conditions, Plaintiff's mobility is limited, and he uses a wheelchair. (Id. ¶ 6.) Ms. Hennessy is Plaintiff's legal guardian pursuant to Article 17-A of the New York Surrogate's Court Procedure Act. (D.E. # 10 ¶ 7.) Plaintiff alleges that Defendants, who operate a restaurant, failed to comply with federal, state, and city public accommodations law. (Compl. ¶ 1; ¶¶ 31-46 (Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.); ¶¶ 47-56 (New York State Human Rights Law, N.Y. Exec. Law § 296); ¶¶ 57-70 (New York City Human Rights Law, N.Y.C. Admin. Code § 8-107); ¶¶ 71-73 (New York State Civil Rights Law, N.Y. Civ. Rights Law § 40).)

Pursuant to a settlement agreement reached with Defendants, Plaintiff filed a notice of voluntary dismissal on August 22, 2022. (D.E. # 9.) The settlement agreement requires Defendants to (1) make certain repairs to the facilities within six months and (2) pay a sum certain to Plaintiff's counsel for their fees and costs. (D.E. # 11 at 2-3.) I referred the notice of dismissal to the Honorable Taryn A. Merkl, United States Magistrate Judge, for a determination of whether

1

the parties satisfied the requirements under Local Civil Rule 83.2(a). (Text Entry dated Jan. 5, 2023.) Rule 83.2 provides:

> An action by or on behalf of an infant or incompetent shall not be settled or compromised, or voluntarily discontinued, dismissed or terminated, without leave of the Court embodied in an order, judgment or decree. The proceeding upon an application to settle or compromise such an action shall conform, as nearly as may be, to the New York State statutes and rules, but the Court, for cause shown, may dispense with any New York State requirement.

(Local Civil Rule 83.2(a)(1).) Plaintiff submitted a proposed settlement agreement, supplemental affidavits, attorney billing records, and a copy of Plaintiff's counsel's retainer agreement. (See D.E. ## 10-13.) Magistrate Judge Merkl held a fairness hearing on February 16, 2023. (Minute Entry dated Feb. 16, 2023.)

On March 9, 2023, Magistrate Judge Merkl issued a report and recommendation, recommending that the parties' settlement agreement be approved and that the case be dismissed with prejudice. (D.E. # 15 (the "R&R") at 2.) Magistrate Judge Merkl found the settlement terms to be fair, reasonable, and adequate, especially in light of the primary relief sought by Plaintiff—i.e., prospective relief in the form of remediation—and the minimal compensatory damages Plaintiff could have established had the case gone to trial. (Id. at 4-5.) The R&R also emphasized that Plaintiff's guardian represented at the fairness hearing that she and Plaintiff are satisfied with the repairs required by the agreement. (Id. at 5 (citing D.E. # 14 at 17:1-18:19, 22:2-6 (portion of hearing transcript noting that the required repairs have been completed).) Finally, Magistrate Judge Merkl noted that the settlement amount, all of which is intended to compensate Plaintiff's counsel for his legal work on the matter, is for an amount less than counsel's estimated costs and fees. (Id.)

When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.

§ 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). No party has objected to the R&R, and the time for doing so has passed. After reviewing the record and finding no clear error, I adopt the R&R in full. Accordingly, I grant leave for Plaintiff to voluntarily dismiss this case with prejudice. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: May 30, 2023
Brooklyn, New York

s/Carol Bagley Amon
_____
Carol Bagley Amon
United States District Judge